

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900
   Attorneys for Plaintiffs
5  CRAIG YATES
   and DISABILITY RIGHTS
6  ENFORCEMENT, EDUCATION,
   SERVICES: HELPING YOU
7  HELP OTHERS

E-filing

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10
   CRAIG YATES, an individual; and         )  CASE NO.
11 DISABILITY RIGHTS, ENFORCEMENT, )  Civ.Rights    08        1514
   EDUCATION, SERVICES:HELPING YOU)
12 HELP OTHERS, a California public benefit )  **COMPLAINT FOR INJUNCTIVE RELIEF
   corporation,                             )  AND DAMAGES:**
13                                          )
          Plaintiffs,                       )  **1st CAUSE OF ACTION:** For Denial of Access
14                                          )  by a Public Accommodation in Violation of the
   v.                                       )  Americans with Disabilities Act of 1990 (42
15                                          )  U.S.C. §12101, *et seq.*)
   CHINA DRAGON RESTAURANT;                 )
16 DARLENE KEHOE, trustee under the         )  **2nd CAUSE OF ACTION:** For Denial of Full
   JOANNE NOVAK ST.CLAIR                    )  and Equal Access in Violation of California
17 IRREVOCABLE TRUST dated                  )  Civil Code §§54, 54.1 and 54.3
   DECEMBER 23, 1996;                       )
18 JUDY HOAHINI ZHANG and                   )  **3rd CAUSE OF ACTION:** For Denial of
   YAO GUANG ZHANG, individuals dba         )  Accessible Sanitary Facilities in Violation of
19 CHINA DRAGON RESTAURANT,                 )  California Health & Safety Code §19955, *et seq.*
                                            )
20        Defendants.                       )  **4th CAUSE OF ACTION:** For Denial of
   ─────────────────────────────────────   )  Access to Full and Equal Accommodations,
21                                             Advantages, Facilities, Privileges and/or
                                               Services in Violation of California Civil Code
22                                             §51, *et seq.* (The Unruh Civil Rights Act)

23

24                                             **DEMAND FOR JURY**

25

26

27

28

1  Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,
2  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
3  corporation (hereinafter sometimes referred to as "DREES"), complain of defendants DARLENE
4  KEHOE, trustee under the JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated
5  DECEMBER 23, 1996; JUDY HOAHINI ZHANG and YAO GUANG ZHANG and allege as
6  follows:

7  **INTRODUCTION:**

8      1.      This is a civil rights action for discrimination against persons with physical
9  disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are
10  members, for failure to remove architectural barriers structural in nature at defendants' CHINA
11  DRAGON RESTAURANT, a place of public accommodation, thereby discriminatorily denying
12  plaintiffs and the class of other similarly situated persons with physical disabilities access to, the
13  full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,
14  services, and accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to
15  the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code
16  §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

17      2.      Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
18  November 8, 2007, November 30, 2007, December 7, 2007, December14, 2007, December 28,
19  2007, February 12, 2008 and March 2, 2008, was an invitee, guest, patron, customer at
20  defendants' CHINA DRAGON RESTAURANT, in the City of Petaluma, California. At said
21  time and place, defendants failed to provide proper legal access to the restaurant, which is a
22  "public accommodation" and/or a "public facility" including, but not limited to the entrance,
23  dining area, buffet counter, restroom path of travel, elements of restrooms. The denial of access
24  was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES
25  suffered violation of his civil rights to full and equal access, and was embarrassed and
26  humiliated.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1  **JURISDICTION AND VENUE:**

2      3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.
3  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.
4  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5  nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6  California law, whose goals are closely tied with the ADA, including but not limited to violations
7  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8  *seq*., including §19959; Title 24 California Building Standards Code.

9      4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10  founded on the facts that the real property which is the subject of this action is located at/near
11  127 North McDowell Boulevard, in the City of Petaluma, County of Sonoma, State of California,
12  and that plaintiffs' causes of action arose in this county.

13  **PARTIES:**

14      5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16  disabled", "physically handicapped" and "person with physical disabilities" are used
17  interchangeably, as these words have similar or identical common usage and legal meaning, but
18  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other
20  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22  and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23  wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24  portion of the public whose rights are protected by the provisions of Health & Safety Code
25  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28  §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1       6.      Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
2   HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works
3   with persons with disabilities to empower them to be independent in American society. DREES
4   accomplishes its goals and purposes through education on disability issues, enforcement of the
5   rights of persons with disabilities, and the provision of services to persons with disabilities, the
6   general public, public agencies and the private business sector. DREES brings this action on
7   behalf of its members, many of whom are persons with physical disabilities and whom have
8   standing in their right to bring this action.

9       7.      That members of DREES, like plaintiff CRAIG YATES, will or have been guests
10  and invitees at the subject restaurant, and that the interests of plaintiff DREES in removing
11  architectural barriers at the subject CHINA DRAGON RESTAURANT advance the purposes of
12  DREES to assure that all public accommodations, including the subject restaurant, are accessible
13  to independent use by mobility-impaired persons. The relief sought by plaintiff DREES as
14  alleged herein is purely statutory in nature.

15      8.      Defendants DARLENE KEHOE, trustee under the JOANNE NOVAK ST.CLAIR
16  IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY HOAHINI ZHANG and YAO
17  GUANG ZHANG (hereinafter alternatively collectively referred to as "defendants") are the
18  owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of
19  the public accommodation known as CHINA DRAGON RESTAURANT, located at/near 127
20  North McDowell Boulevard, Petaluma, California, or of the building and/or buildings which
21  constitute said public accommodation.

22      9.      At all times relevant to this complaint, defendants DARLENE KEHOE, trustee
23  under the JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23,
24  1996; JUDY HOAHINI ZHANG and YAO GUANG ZHANG, own and operate in joint venture
25  the subject CHINA DRAGON RESTAURANT as a public accommodation. This business is
26  open to the general public and conducts business therein. The business is a "public
27  accommodation" or "public facility" subject to the requirements of California Civil Code §§51,
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1 | 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et*

2 | *seq.*

3 |     10.    At all times relevant to this complaint, defendants DARLENE KEHOE, trustee

4 | under the JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23,

5 | 1996; JUDY HOAHINI ZHANG and YAO GUANG ZHANG are jointly and severally

6 | responsible to identify and remove architectural barriers at the subject CHINA DRAGON

7 | RESTAURANT pursuant to Code of Federal Regulations title 28, section 36.201(b), which states

8 | in pertinent part:

9 |         **§ 36.201    General**

10 |             (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public

11 | accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the

12 | requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may

13 | be determined by lease or other contract.

14 |     28 CFR §36.201(b)

15 | **PRELIMINARY FACTUAL ALLEGATIONS:**

16 |     11.    The CHINA DRAGON, is a restaurant, located at/near 127 North McDowell

17 | Boulevard, Petaluma, California. The CHINA DRAGON RESTAURANT, its entrance, dining

18 | area, buffet counter, restroom path of travel, elements of restrooms, and its other facilities are

19 | each a "place of public accommodation or facility" subject to the barrier removal requirements of

20 | the Americans with Disabilities Act. On information and belief, each such facility has, since July

21 | 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the

22 | CHINA DRAGON RESTAURANT and each of its facilities, its entrance, dining area, buffet

23 | counter, restroom path of travel and its elements of restrooms to disability access requirements

24 | per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

25 | California Code of regulations (Title 24).

26 |     12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

27 | ///

28 | ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1      13.    At all times referred to herein and continuing to the present time, defendants, and
2   each of them, advertised, publicized and held out the CHINA DRAGON RESTAURANT as
3   being handicapped accessible and handicapped usable.

4      14.    On or about November 8, 2007, November 30, 2007, December 7, 2007,
5   December14, 2007, December 28, 2007, February 12, 2008 and March 2, 2008, plaintiff CRAIG
6   YATES was an invitee and guest at the subject CHINA DRAGON RESTAURANT, for purposes
7   of having food and beverage.

8      15.    On or about November 8, 2007, plaintiff CRAIG YATES entered the CHINA
9   DRAGON. Plaintiff CRAIG YATES struggled with one of the two double doors due to excessive
10  door pressure. Once inside, plaintiff CRAIG YATES found that there was no accessible seating
11  for disabled. All of the dining area was comprised with booths with the exception of a couple of
12  round tables that would seat eight - ten (8-10) people.

13     16.    At said time and place, plaintiff CRAIG YATES also encountered a lunch buffet
14  counter that was too high, and the buffet food trays were placed too deep to be usable.

15     17.    At said time and place, plaintiff CRAIG YATES had a meal and needed to use the
16  men's restroom. There is a door that leads to the hallway, which serves the men's and women's
17  restroom. There is little, or no strike side clearance. Plaintiff CRAIG YATES stressed and
18  strained himself trying to pull the door open to exit the hallway.

19     18.    At said time and place, plaintiff CRAIG YATES proceed to the men's restroom
20  which had compliant clear space but elements within appeared non compliant, for example,
21  hardware, door looks, dispensers and etc.

22     19.    On or about November 30, 2007, plaintiff CRAIG YATES encountered the same
23  barriers as on November 8, 2007. However, on this occasion, chairs were placed near the double
24  door entrance restricting plaintiff CRAIG YATES path of travel into the restaurant.

25     20.    On or about December 7, 2007, plaintiff CRAIG YATES returned to the CHINA
26  DRAGON and encountered all the same barriers as on November 8, 2007 and November 30,
27  2007. This time, there were chairs stacked near the doorway leading to the hallway where the
28  restrooms are located.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    21.    On or about December14, 2007 and December 28, 2007, plaintiff CRAIG YATES
2    returned to the CHINA DRAGON. Plaintiff encountered all of the same barriers that he had
3    personally experienced on the previous three (3) occasions as stated herein.

4    22.    On or about January 25, 2008, plaintiff CRAIG YATES wrote both the landlord
5    and the tenant about his access concerns. Plaintiff CRAIG YATES never received a response.

6    23.    On or about February 12, 2008, plaintiff CRAIG YATES returned to the CHINA
7    DRAGON. No remedial work had been undertaken. The chairs at the entrance and the chairs
8    placed near the doorway leading into the hallway remained. Plaintiff CRAIG YATES
9    encountered all the same barriers as referenced herein.

10    24.    On or about March 2, 2008, plaintiff CRAIG YATES returned to CHINA
11    DRAGON. Plaintiff encountered chairs partially blocking the path of travel into the restaurant
12    and high chairs were blocking the path of travel to the restroom.

13    25.    At said time and place, when plaintiff CRAIG YATES used the men's room and
14    then wheeled back to the dining room, he encountered the same hallway door that had no strike
15    side. Plaintiff struggled with the door stressing and straining himself in the process causing
16    trauma to his upper extremities.

17    26.    At said time and place, plaintiff CRAIG YATES encountered the same
18    architectural barriers as on previous occasions.

19    27.    At said times and place, defendants' could have remediated the strike side
20    clearance problem with the hallway door, by either removing a non essential door and replacing
21    the door with a curtain or a power door.

22    28.    Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a
23    disability, encountered the following inaccessible elements of the subject CHINA DRAGON
24    which constituted architectural barriers and a denial of the proper and legally-required access to a
25    public accommodation to persons with physical disabilities including, but not limited to:

26            a.    lack of an accessible entrance due to excessive door pressure;

27            b.    lack of an accessible entrance due chairs blocking the path of travel from
                   the double door entry;
28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1          c.    lack of an accessible dining area; 5% compliance requirement;

2          d.    lack of some accessible elements in the handicapped-accessible women's
                 public restroom;

3
           e.    lack of some accessible elements in the handicapped-accessible Men's
4                public restroom;

5          f.    lack of an accessible path of travel through the doorway which leads to and
                 from the hallway where the restrooms are located;
6
           g.    lack of buffet counter;
7
           h.    On personal knowledge, information and belief, other public facilities and
8                elements too numerous to list were improperly inaccessible for use by
                 persons with physical disabilities.
9
       29.    At all times stated herein, the existence of architectural barriers at defendants'
10
place of public accommodation evidenced "actual notice" of defendants' intent not to comply with
11
the Americans with Disabilities Act of 1990 either then, now or in the future.
12
       30.    On or about January 25, 2008, defendant(s) were sent two (2) letters by or on
13
behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a
14
response within 14 days and requesting remedial measures be undertaken within 90 days or an
15
explanation of why the time limit set could not be met and/or extenuating circumstances. Said
16
letters are attached hereto collectively as exhibit "A" and incorporated by reference as though
17
fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in
18
an early and reasonable resolution of the matter.
19
       31.    At all times stated herein, defendants, and each of them, did not act as reasonable
20
and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
21
removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
22
receiving the same goods and services as able bodied people and some of which may and did pose
23
a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of
24
defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
25
bodily injury.
26
       32.    As a legal result of defendants DARLENE KEHOE, trustee under the JOANNE
27
NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY HOAHINI
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1  ZHANG and YAO GUANG ZHANG's failure to act as a reasonable and prudent public
2  accommodation in identifying, removing or creating architectural barriers, policies, practices and
3  procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered
4  the damages as alleged herein.

5      33.    As a further legal result of the actions and failure to act of defendants, and as a
6  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
7  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff
8  CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
9  disabilities to full and equal access to public facilities, and further suffered bodily injury on or
10 about November 8, 2007, November 30, 2007, December 7, 2007, December14, 2007, December
11 28, 2007, February 12, 2008 and March 2, 2008, including, but not limited to, fatigue, stress,
12 strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around
13 and through architectural barriers.  Specifically, as a legal result of defendants negligence in the
14 design, construction and maintenance of the existing hallway and hallway door which leads to and
15 from the restrooms, plaintiff suffered continuous, repetitive and cumulative trauma to his upper
16 extremities while attempting to open the door without sufficient strike side clearance.

17     34.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
18 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
19 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
20 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
21 an amount within the jurisdiction of this court.  No claim is being made for mental and emotional
22 distress over and above that usually associated with the discrimination and physical injuries
23 claimed, and no expert testimony regarding this usual mental and emotional distress will be
24 presented at trial in support of the claim for damages.

25     35.    Defendants', and each of their, failure to remove the architectural barriers
26 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
27 accommodation, and continues to create continuous and repeated exposure to substantially the
28 same general harmful conditions which caused plaintiff CRAIG YATES  harm as stated herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1       36.     Plaintiff CRAIG YATES and the membership of DREES were denied their rights
2  to equal access to a public facility by defendants DARLENE KEHOE, trustee under the JOANNE
3  NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY HOAHINI
4  ZHANG and YAO GUANG ZHANG, because defendants  DARLENE KEHOE, trustee under the
5  JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY
6  HOAHINI ZHANG and YAO GUANG ZHANG maintained a restaurant without access for
7  persons with physical disabilities to its facilities, including but not limited to the entrance, dining
8  area, buffet counter, restroom path of travel, elements of restrooms and other public areas as
9  stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs
10  and other persons with physical disabilities in these and other ways.

11      37.     On information and belief, construction alterations carried out by defendants have
12  also triggered access requirements under both California law and the Americans with Disabilities
13  Act of 1990.

14      38.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the CHINA
15  DRAGON to be made accessible to meet the requirements of both California law and the
16  Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
17  operate the CHINA DRAGON RESTAURANT  as a public facility.

18      39.     Plaintiffs seek damages for violation of their civil rights on  November 8, 2007,
19  November 30, 2007, December 7, 2007, December14, 2007, December 28, 2007, February 12,
20  2008 and March 2, 2008 and they seek statutory damages of not less than $4,000, pursuant to
21  Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her
22  visit that the trier of fact (court/jury) determines was the date that some or all remedial work
23  should have been completed under the standard that the landlord and tenant had an ongoing duty
24  to identify and remove architectural barriers where it was readily achievable to do so, which
25  deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of
26  his  knowledge and/or belief that neither some or all architectural barriers had been removed and
27  that said premises remains inaccessible to persons with disabilities whether a wheelchair user or
28  otherwise.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1    40.    On information and belief, defendants have been negligent in their affirmative duty
2  to identify the architectural barriers complained of herein and negligent in the removal of some or
3  all of said barriers.

4    41.    Because of defendants' violations, plaintiffs and other persons with physical
5  disabilities are unable to use public facilities such as those owned and operated by defendants on a
6  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
7  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
8  other accessibility law as plead herein. Plaintiffs seek an order from this court compelling
9  defendants to make the restaurant accessible to persons with disabilities.

10    42.    On information and belief, defendants have intentionally undertaken to modify and
11  alter existing building(s), and have failed to make them comply with accessibility requirements
12  under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
13  of them, in failing to provide the required accessible public facilities at

14  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and
15  despicable conduct carried out by defendants, and each of them, with a willful and conscious
16  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a
17  trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more
18  profound example of defendants, and each of them, to other operators of other restaurants and
19  other public facilities, and to punish defendants and to carry out the purposes of the Civil Code
20  §§ 51, 51.5 and 54.

21    43.    Plaintiffs are informed and believe and therefore allege that defendants DARLENE
22  KEHOE, trustee under the JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated
23  DECEMBER 23, 1996; JUDY HOAHINI ZHANG and YAO GUANG ZHANG, and each of
24  them, caused the subject building(s) which constitute the CHINA DRAGON RESTAURANT to
25  be constructed, altered and maintained in such a manner that persons with physical disabilities
26  were denied full and equal access to, within and throughout said building(s) of th restaurant and
27  were denied full and equal use of said public facilities. Furthermore, on information and belief,
28  defendants have continued to maintain and operate said restaurant and/or its building(s) in such

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1 conditions up to the present time, despite actual and constructive notice to such defendants that
2 the configuration of the restaurant and/or its building(s) is in violation of the civil rights of
3 persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff
4 DREES and the disability community which DREES serves. Such construction, modification,
5 ownership, operation, maintenance and practices of such public facilities are in violation of Civil
6 Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

7       44.     On personal knowledge, information and belief, the basis of defendants' actual and
8 constructive notice that the physical configuration of the facilities including, but not limited to,
9 architectural barriers constituting the CHINA DRAGON RESTAURANT and/or building(s) was
10 in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but
11 is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,
12 owners of other restaurants, motels and businesses, notices they obtained from governmental
13 agencies upon modification, improvement, or substantial repair of the subject premises and other
14 properties owned by these defendants, newspaper articles and trade publications regarding the
15 Americans with Disabilities Act of 1990 and other access laws, public service announcements by
16 former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.
17 Defendants' failure, under state and federal law, to make the CHINA DRAGON accessible is
18 further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly
19 situated persons with disabilities. Despite being informed of such effect on plaintiff and other
20 persons with physical disabilities due to the lack of accessible facilities, defendants, and each of
21 them, knowingly and willfully refused to take any steps to rectify the situation and to provide full
22 and equal access for plaintiffs and other persons with physical disabilities to the CHINA
23 DRAGON. Said defendants, and each of them, have continued such practices, in conscious
24 disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of
25 filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the
26 architectural barriers referred to herein by virtue of the demand letter addressed to the defendants
27 and served concurrently with the summons and complaint. Said conduct, with knowledge of the
28 effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other

2  similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and

3  54.3.

4      45.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

5  the disability community which it serves, consisting of persons with disabilities, would, could and

6  will return to the subject public accommodation when it is made accessible to persons with

7  disabilities.

8  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
      **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
9      **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
      (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
10     EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
      corporation and Against Defendants DARLENE KEHOE, trustee under the JOANNE
11     NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY
      HOAHINI ZHANG and YAO GUANG ZHANG, individuals dba CHINA DRAGON
12     RESTAURANT, inclusive)
      (42 U.S.C. §12101, *et seq.*)
13

      46.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
14
   allegations contained in paragraphs 1 through 45 of this complaint.
15
      47.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.
16
   §12101 regarding persons with physical disabilities, finding that laws were needed to more fully
17
   protect:
18
             some 43 million Americans with one or more physical or mental
19           disabilities; [that] historically society has tended to isolate and
             segregate individuals with disabilities; [that] such forms of
20           discrimination against individuals with disabilities continue to be a
             serious and pervasive social problem; [that] the nation's proper
21           goals regarding individuals with disabilities are to assure equality of
             opportunity, full participation, independent living and economic
22           self-sufficiency for such individuals; [and that] the continuing
             existence of unfair and unnecessary discrimination and prejudice
23           denies people with disabilities the opportunity to compete on an
             equal basis and to pursue those opportunities for which our free
24           society is justifiably famous.

25  ///

26  ///

27  ///

28  ///

1    48.    Congress stated as its purpose in passing the Americans with Disabilities Act of

2  1990 (42 U.S.C. §12102):

3             It is the purpose of this act (1) to provide a clear and comprehensive
              national mandate for the elimination of discrimination against
4             individuals with disabilities; (2) to provide clear, strong, consistent,
              enforceable standards addressing discrimination against individuals
5             with disabilities; (3) to ensure that the Federal government plays a
              central role in enforcing the standards established in this act on
6             behalf of individuals with disabilities; and (4) to invoke the sweep
              of Congressional authority, including the power to enforce the 14th
7             Amendment and to regulate commerce, in order to address the
              major areas of discrimination faced day to day by people with
8             disabilities.

9    49.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

10  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

11  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

12  accommodations identified for purposes of this title was:

13             (7)    PUBLIC ACCOMMODATION - The following private
              entities are considered public accommodations for purposes of this
14             title, if the operations of such entities affect commerce -

15                    (B) a restaurant, bar or other establishment serving food or drink.

16        42 U.S.C. §12181(7)(B)

17    50.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

18  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

19  privileges, advantages, or accommodations of any place of public accommodation by any person

20  who owns, leases, or leases to, or operates a place of public accommodation".

21    51.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

22  42 U.S.C. §12182(b)(2)(a) are:

23             (I)    the imposition or application of eligibility criteria
              that screen out or tend to screen out an individual with a disability
24             or any class of individuals with disabilities from fully and equally
              enjoying any goods, services, facilities, privileges, advantages, or
25             accommodations, unless such criteria can be shown to be necessary
              for the provision of the goods, services, facilities, privileges,
26             advantages, or accommodations being offered;

27             (ii)    a failure to make reasonable modifications in
              policies, practices, or procedures, when such modifications are
28             necessary to afford such goods, services, facilities, privileges,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1
2

advantages or accommodations to individuals with disabilities,
unless the entity can demonstrate that making such modifications
would fundamentally alter the nature of such goods, services,
facilities, privileges, advantages, or accommodations;

3

4

5

6

7

        (iii)    a failure to take such steps as may be necessary to
ensure that no individual with a disability is excluded, denied
services, segregated or otherwise treated differently than other
individuals because of the absence of auxiliary aids and services,
unless the entity can demonstrate that taking such steps would
fundamentally alter the nature of the good, service, facility,
privilege, advantage, or accommodation being offered or would
result in an undue burden;

8

9

        (iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
facilities . . . where such removal is readily achievable; and

10

11

12

        (v)    where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
methods are readily achievable.

13 The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public

14 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

15 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

16 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

17     52.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was

18 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the CHINA

19 DRAGON pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the

20 removal of all the barriers complained of herein together was not "readily achievable," the

21 removal of each individual barrier complained of herein was "readily achievable." On

22 information and belief, defendants' failure to remove said barriers was likewise due to

23 discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

24 (b)(2)(A)(i)and (ii).

25     53.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

26 accomplishable and able to be carried out without much difficulty or expense." The statute

27 defines relative "expense" in part in relation to the total financial resources of the entities

28 involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 plaintiffs complain of herein were and are "readily achievable" by the defendants under the
2 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
3 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
4 make the required services available through alternative methods which were readily achievable.

5     54.    On information and belief, construction work on, and modifications of, the subject
6 building(s) of the CHINA DRAGON RESTAURANT occurred after the compliance date for the
7 Americans with Disabilities Act, January 26, 1992, independently triggering access requirements
8 under Title III of the ADA.

9     55.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
10 *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
11 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
12 basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
13 are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
14 returning to or making use of the public facilities complained of herein so long as the premises
15 and defendants' policies bar full and equal use by persons with physical disabilities.

16     56.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
17 disability to engage in a futile gesture if such person has actual notice that a person or
18 organization covered by this title does not intend to comply with its provisions". Pursuant to this
19 section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
20 March 2, 2008, but on information and belief, alleges that defendants have continued to violate
21 the law and deny the rights of plaintiffs and of other persons with physical disabilities to access
22 this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
23 §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
24 facilities readily accessible to and usable by individuals with disabilities to the extent required by
25 this title".

26     57.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights
27 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
28 the Americans with Disabilities Act of 1990, including but not limited to an order granting

COMPLAINT FOR INJUNCTIVE RELIEᴾ AND DAMAGES

16

1    injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

2    deemed to be the prevailing party.

3        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

4    **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
         IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
5        (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS, ENFORCEMENT,
         EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
6        corporation, and Against Defendants DARLENE KEHOE, trustee under the JOANNE
         NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY
7        HOAHINI ZHANG and YAO GUANG ZHANG, individuals dba CHINA DRAGON
         RESTAURANT , inclusive)
8        (California Civil Code §§54, 54.1, 54.3, *et seq.)*

9        58.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

10   allegations contained in paragraphs 1 through 57 of this complaint.

11       59.    At all times relevant to this action, California Civil Code §54 has provided that

12   persons with physical disabilities are not to be discriminated against because of physical handicap

13   or disability.  This section provides that:

14                (a) Individuals with disabilities . . . have the same rights as
                the general public to full and free use of the streets, highways,
15              sidewalks, walkways, public buildings, medical facilities, including
                hospitals, clinics, and physicians' offices, and other public places.
16
         60.    California Civil Code §54.1 provides that persons with disabilities shall not be
17
     denied full and equal access to places of public accommodation or facilities:
18
                (a)(1) Individuals with disabilities shall be entitled to full
19              and equal access, as other members of the general public, to
                accommodations, advantages, facilities, medical facilities, including
20              hospitals, clinics, and physicians' offices, and privileges of all
                common carriers, airplanes, motor vehicles, railroad trains,
21              motorbuses, streetcars, boats, or any other public conveyances or
                modes of transportation (whether private, public, franchised,
22              licensed, contracted, or otherwise provided), telephone facilities,
                adoption agencies, private schools, hotels, lodging places, places of
23              public accommodation, amusement or resort, and other places to
                which the general public is invited, subject only to the conditions
24              and limitations established by law, or state or federal regulation, and
                applicable alike to all persons.
25
            Civil Code §54.1(a)(1)
26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1    61.    California Civil Code §54.1 further provides that a violation of the Americans with

2   Disabilities Act of 1990 constitutes a violation of section 54.1:

3                       (d) A violation of the right of an individual under the
                   Americans with Disabilities Act of 1990 (Public Law 101-336) also
4                  constitutes a violation of this section, and nothing in this section
                   shall be construed to limit the access of any person in violation of
5                  that act.

6              Civil Code §54.1(d)

7    62.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons

8   within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

9   the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific

10  architectural barrier which defendants knowingly and willfully fail and refuse to remove

11  constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and

12  continue to be denied full and equal access to defendants' restaurant. As a legal result, plaintiffs

13  are entitled to seek damages pursuant to a court or jury determination, in accordance with

14  California Civil Code §54.3(a) for each day on which they visited or have been deterred from

15  visiting the CHINA DRAGON RESTAURANT because of their knowledge and belief that the is

16  inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

17                 Any person or persons, firm or corporation, who denies or interferes
                   with admittance to or enjoyment of the public facilities as specified
18                 in Sections 54 and 54.1 or otherwise interferes with the rights of an
                   individual with a disability under Sections 54, 54.1 and 54.2 is
19                 liable for each offense for the actual damages and any amount as
                   may be determined by a jury, or the court sitting without a jury, up
20                 to a maximum of three times the amount of actual damages but in
                   no case less than . . .one thousand dollars ($1,000) and . . .
21                 attorney's fees as may be determined by the court in addition
                   thereto, suffered by any person denied any of the rights provided in
22                 Sections 54, 54.1 and 54.2.

23             Civil Code §54.3(a)

24    63.    On or about November 8, 2007, November 30, 2007, December 7, 2007,

25  December14, 2007, December 28, 2007, February 12, 2008 and March 2, 2008, plaintiff CRAIG

26  YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was

27  denied access to the

28  ///

1  entrance, dining area, buffet counter, restroom path of travel, elements of restrooms and other
2  public facilities as stated herein at the CHINA DRAGON and on the basis that plaintiff CRAIG
3  YATES was a person with physical disabilities.

4          64.    As a result of the denial of equal access to defendants' facilities due to the acts and
5  omissions of defendants, and each of them, in owning, operating and maintaining these subject
6  public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to
7  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical
8  discomfort, bodily injury on or about November 8, 2007, November 30, 2007, December 7, 2007,
9  December14, 2007, December 28, 2007, February 12, 2008 and March 2, 2008, including, but not
10 limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on,
11 down, to, over, around and through architectural barriers. Specifically, as a legal result of
12 defendants negligence in the design, construction and maintenance of the existing hallway and
13 hallway door, plaintiff CRAIG YATES suffered continuous, repetitive and cumulative trauma to
14 his upper extremities while attempting to open the subject hallway door.

15         65.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
16 anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
17 and worry, all of which are expectedly and naturally associated with a denial of access to a person
18 with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
19 omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are
20 persons or an entity that represents persons with physical disabilities and unable, because of the
21 architectural barriers created and maintained by the defendants in violation of the subject laws, to
22 use the public facilities hereinabove described on a full and equal basis as other persons.

23         66.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
24 and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of
25 plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or
26 about November 8, 2007, November 30, 2007, December 7, 2007, December14, 2007, December
27 28, 2007, February 12, 2008 and March 2, 2008, and on a continuing basis since then, including

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1  statutory damages, a trebling of all of actual damages, general and special damages available

2  pursuant to §54.3 of the Civil Code according to proof.

3      67.    As a result of defendants', and each of their, acts and omissions in this regard,

4  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

5  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

6  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

7  the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit

8  for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

9  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

10  to compel the defendants to make their facilities accessible to all members of the public with

11  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

12  the provisions of §1021.5 of the Code of Civil Procedure.

13      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

14  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

15  (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

16  corporation and Against Defendants DARLENE KEHOE, trustee under the JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY

17  HOAHINI ZHANG and YAO GUANG ZHANG, individuals dba CHINA DRAGON RESTAURANT inclusive)

18  (Health & Safety Code §19955, *et seq.*)

19      68.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

20  allegations contained in paragraphs 1 through 67 of this complaint.

21      69.    Health & Safety Code §19955 provides in pertinent part:

22      The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the

23  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part

24  "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general

25  public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary

26  facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for

27  the handicapped.

28  ///

70. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the CHINA DRAGON RESTAURANT and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

71. Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the CHINA DRAGON and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

72. Restaurants such as the CHINA DRAGON are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

73. As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

1  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to
2  public facilities.

3      74.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
4  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
5  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
6  physical disabilities and prohibiting discrimination against the persons with physical disabilities,
7  and to take such action both in plaintiffs' own interests and in order to enforce an important right
8  affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all
9  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
10  §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953
11  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs
12  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-
13  3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing
14  party.

15      75.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of
16  them, to make the subject place of public accommodation readily accessible to and usable by
17  persons with disabilities.

18      Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

19  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
20      AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
21      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
22      corporation, and Against Defendants DARLENE KEHOE, trustee under the JOANNE
        NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY
23      HOAHINI ZHANG and YAO GUANG ZHANG, individuals dba CHINA DRAGON
        RESTAURANT inclusive)
24      (Civil Code §51, 51.5)

25      76.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
26  allegations contained in paragraphs 1 through 75 of this complaint.

27      77.     Defendants' actions and omissions and failure to act as a reasonable and prudent
28  public accommodation in identifying, removing and/or creating architectural barriers, policies,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

2  Unruh Act provides:

3          This section shall be known, and may be cited, as the Unruh
           Civil Rights Act.

4

5          All persons within the jurisdiction of this state are free and
           equal, and no matter what their sex, race, color, religion, ancestry,
           national origin, or **disability** are entitled to the full and equal

6          accommodations, advantages, facilities, privileges, or services in all
           business establishments of every kind whatsoever.

7

8          This section shall not be construed to confer any right or
           privilege on a person that is conditioned or limited by law or that is
           applicable alike to persons of every sex, color, race, religion,

9          ancestry, national origin, or **disability.**

10         Nothing in this section shall be construed to require any
           construction, alteration, repair, structural or otherwise, or

11         modification of any sort whatsoever, beyond that construction,
           alteration, repair, or modification that is otherwise required by other

12         provisions of law, to any new or existing establishment, facility,
           building, improvement, or any other structure . . . nor shall anything

13         in this section be construed to augment, restrict, or alter in any way
           the authority of the State Architect to require construction,

14         alteration, repair, or modifications that the State Architect otherwise
           possesses pursuant to other . . . laws.

15

16         A violation of the right of any individual under the
           Americans with Disabilities Act of 1990 (Public Law 101-336) shall
           also constitute a violation of this section.

17

18  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

19  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

20  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

21  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

    defendants, and each of them.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1    78.    The acts and omissions of defendants stated herein are discriminatory in nature and

2   in violation of Civil Code §51.5:

3               No business establishment of any kind whatsoever shall
            discriminate against, boycott or blacklist, refuse to buy from, sell to,
4           or trade with any person in this state because of the race, creed,
            religion, color, national origin, sex, or **disability** of the person or of
5           the person's partners, members, stockholders, directors, officers,
            managers, superintendents, agents, employees, business associates,
6           suppliers, or customers.

7               As used in this section, "person" includes any person, firm
            association, organization, partnership, business trust, corporation,
8           limited liability company, or company.

9               Nothing in this section shall be construed to require any
            construction, alteration, repair, structural or otherwise, or
10          modification of any sort whatsoever, beyond that construction,
            alteration, repair or modification that is otherwise required by other
11          provisions of law, to any new or existing establishment, facility,
            building, improvement, or any other structure . . . nor shall anything
12          in this section be construed to augment, restrict or alter in any way
            the authority of the State Architect to require construction,
13          alteration, repair, or modifications that the State Architect otherwise
            possesses pursuant to other laws.

14
     79.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal
15
accommodations, advantages, facilities, privileges and services in a business establishment, on the
16
basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.
17
Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the
18
right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)
19
shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of
20
their above cause of action for violation of the Americans with Disabilities Act at §46, *et seq*., as
21
if repled herein.
22
     80.    As a legal result of the violation of plaintiff CRAIG YATES's civil rights as
23
hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury on
24
or about November 8, 2007, November 30, 2007, December 7, 2007, December14, 2007,
25
December 28, 2007, February 12, 2008 and March 2, 2008 , including, but not limited to, fatigue,
26
stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over,
27
around and through architectural barriers. Specifically, as a legal result of defendants negligence
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1    in the design, construction and maintenance of the existing hallway door path of travel to the

2    restrooms, plaintiff CRAIG YATES suffered continuous, repetitive and cumulative trauma to his

3    upper extremities while attempting to open a hallway door which could have been simply

4    removed to provide unimpeded access.

5        81.    Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all

6    to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).

7    Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the

8    Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean

9    "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by

10   statute, according to proof if deemed to be the prevailing party.

11   **PRAYER:**

12       Plaintiffs pray that this court award damages and provide relief as follows:

13   **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
         PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

14       **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
         (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

15       EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
         corporation, and Against Defendants DARLENE KEHOE, trustee under the JOANNE

16       NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY
         HOAHINI ZHANG and YAO GUANG ZHANG, individuals dba CHINA DRAGON

17       RESTAURANT, inclusive)
         (42 U.S.C. §12101, *et seq.*)

18

19       1.    For injunctive relief, compelling defendants DARLENE KEHOE, trustee under the

     JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY
20
     HOAHINI ZHANG and YAO GUANG ZHANG, inclusive, to make the CHINA DRAGON,
21
     located at 127 North McDowell Boulevard, Petaluma, California, readily accessible to and usable
22
     by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable
23
     modifications in policies, practice, eligibility criteria and procedures so as to afford full access to
24
     the goods, services, facilities, privileges, advantages and accommodations being offered.
25
         2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed
26
     the prevailing party; and
27
         3.    For such other and further relief as the court may deem proper.
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.** **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants DARLENE KEHOE, trustee under the JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY HOAHINI ZHANG and YAO GUANG ZHANG, individuals dba CHINA DRAGON RESTAURANT, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants DARLENE KEHOE, trustee under the JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY HOAHINI ZHANG and YAO GUANG ZHANG, inclusive, to make the CHINA DRAGON, located at 127 North McDowell Boulevard, Petaluma, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

**III.** **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants DARLENE KEHOE, trustee under the JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY HOAHINI ZHANG and YAO GUANG ZHANG, individuals dba CHINA DRAGON RESTAURANT, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    General and compensatory damages according to proof.

///

///

///

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
§19955, *ET. SEQ.*
**(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
corporation, and Against Defendants DARLENE KEHOE, trustee under the JOANNE
NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY
HOAHINI ZHANG and YAO GUANG ZHANG, individuals dba CHINA DRAGON
RESTAURANT, inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendants DARLENE KEHOE, trustee under the

JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY

HOAHINI ZHANG and YAO GUANG ZHANG, inclusive, to make the CHINA DRAGON,

located at 127 North McDowell Boulevard, Petaluma, California, readily accessible to and usable

by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)
**(On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
corporation and Against Defendants DARLENE KEHOE, trustee under the JOANNE
NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY
HOAHINI ZHANG and YAO GUANG ZHANG, individuals dba CHINA DRAGON
RESTAURANT, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and

for each occasion on which plaintiffs were deterred from returning to the subject public

accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

1   4.    For all costs of suit;

2   5.    Prejudgment interest pursuant to Civil Code §3291; and

3   6.    Such other and further relief as the court may deem just and proper.

4  **VI.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
          FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
5        **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
          CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
6        (On Behalf of Plaintiff CRAIG YATES, and Against Defendants DARLENE KEHOE,
         trustee under the JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated
7        DECEMBER 23, 1996; JUDY HOAHINI ZHANG and YAO GUANG ZHANG,
         individuals dba CHINA DRAGON RESTAURANT, inclusive)
8        (California Civil Code §§51, 51.5, *et seq.*)

9   1.    General and compensatory damages to plaintiff CRAIG YATES  according to

10 proof.

11

12 Dated: ___3/3/08___, 2008        THOMAS E. FRANKOVICH
                                     *A PROFESSIONAL LAW CORPORATION*
13

14

15                                   THOMAS E. FRANKOVICH
                                     Attorneys for Plaintiffs CRAIG YATES and
16                                   DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                                     SERVICES:HELPING YOU HELP OTHERS, a California
17                                   public benefit corporation

18                          **<u>DEMAND FOR JURY TRIAL</u>**

19
    Plaintiffs hereby demand a jury for all claims for which a jury is permitted.
20
    Dated: ___3/3/08___, 2008        THOMAS E. FRANKOVICH
21                                   *A PROFESSIONAL LAW CORPORATION*

22

23                          By:
                                     THOMAS E. FRANKOVICH
24                                   Attorneys for Plaintiffs CRAIG YATES and
                                     DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
25                                   SERVICES:HELPING YOU HELP OTHERS, a California
                                     public benefit corporation
26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903


January 25, 2008

Manager
China Dragon Restaurant
127 No. Mc Dowell Blvd
Petaluma, CA 94954



Dear Manager China Dragon Restaurant:

I shop at K-Mart quite a bit and come to the China Dragon quite a bit. I've been there several times in the last year. The menu is good. The buffet is good. The food is really quite excellent and the prices are good. But I always have the same problems as I use a wheelchair and struggle and strain to get the hallway door open. First, there is always chairs in the way. Second, there is very little room next to the door handle to allow a wheelchair user to pull up and open the door. The room is called strike side. To understand it, I need room to the side of my chair to open the door and angle my chair in. The other problem is there isn't an accessible booth. You need a table for four people and that can be used by a person in a wheelchair. Your two tables for eight or ten people are too big and the booths aren't usable. Maybe take out one booth. Lastly, there always seems to be chairs around the entrance door which blocks a wheelchair. Maybe, you should re-arrange things.

As to the hallway door why do you need it? Why not remove it completely or put a curtain in it's place or put in a power door. Just removing it seems the easiest. Right now, it's almost impossible for me to open it or I have to get someone to open it for me. I shouldn't have to be put in that position. I almost forgot but put a lock in the restroom that's easy to use. That slide bolt id really hard to use to get privacy.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to China Dragon once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

January 25, 2008

Owner of the building for
China Dragon Restaurant
127 No. Mc Dowell Blvd
Petaluma, CA 94954

Dear Owner of the building for China Dragon Restaurant:

I shop at K-Mart quite a bit and come to the China Dragon quite a bit. I've been there several times in the last year. The menu is good. The buffet is good. The food is really quite excellent and the prices are good. But I always have the same problems as I use a wheelchair and struggle and strain to get the hallway door open. First, there is always chairs in the way. Second, there is very little room next to the door handle to allow a wheelchair user to pull up and open the door. The room is called strike side. To understand it, I need room to the side of my chair to open the door and angle my chair in. The other problem is there isn't an accessible booth. You need a table for four people and that can be used by a person in a wheelchair. Your two tables for eight or ten people are too big and the booths aren't usable. Maybe take out one booth. Lastly, there always seems to be chairs around the entrance door which blocks a wheelchair. Maybe, you should re-arrange things.

As to the hallway door why do you need it? Why not remove it completely or put a curtain in it's place or put in a power door. Just removing it seems the easiest. Right now, it's almost impossible for me to open it or I have to get someone to open it for me. I shouldn't have to be put in that position. I almost forgot but put a lock in the restroom that's easy to use. That slide bolt id really hard to use to get privacy.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to China Dragon once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,

**DEFENDANTS**

CHINA DRAGON RESTAURANT; DARLENE KEHOE, trustee under the JOANNE NOVAK ST.CLAIR IRREVOCABLE TRUST dated DECEMBER 23, 1996; JUDY HOAHINI ZHANG and YAO GUANG ZHANG, individuals dba CHINA DRAGON RESTAURANT

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Marin County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Sonoma County

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas E. Frankovich, APLC
2806 Van Ness Ave., S.F., CA 94109 (415) 674-8600

ATTORNEYS (IF KNOWN)

Unknown

ORIGINAL

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For diversity cases only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transfered from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Satellite TV ☐ 810 Selective Service |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 530 General | ☐ 791 Empl.Ret. Inc. Security Act | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☒ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl ☒ 446 Amer w/ disab - Other | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Americans with Disabilities Act of 1990, 42 U.S.C. 12101-12102

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $_____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE 3/3/08    SIGNATURE OF ATTORNEY OF RECORD