1  **Yao Guang Zhang**
   127 N McDowell Blvd
2  **Petaluma, CA 94954**
   **Telephone: (530) 355-8281**
3
   **In Propria Persona**
4

5

6                    **UNITED STATES DISTRICT COURT**

7                   **NORTHERN DISTRICT OF CALIFORNIA**

8

9  CRAIG YATES, an individual; and                    CASE NO.: CV-08-1514-TEH
   DISABILITY RIGHTS, ENFORCEMENT
10 EDUCATION, SERVICES: HELPING
   YOU HELP OTHERS, a California public
11 benefit corporation,

12              Plaintiffs,

13 vs.                                        **DEFENDANT YAO GUANG**
                                              **ZHANG'S ANSWER TO**
14 CHINA DRAGON RESTAURANT;                   **COMPLAINT FOR INJUNCTIVE**
   DARLENE KEHOE, trustee under the           **RELIEF AND DAMAGES**
15 JOANNE NOVAK ST. CLAIR
   IRREVOCABLE TRUST dated
16 DECEMBER 23, 1996; JUDY HOAHINI
   ZHANG and YAO GUANG ZHANG,
17 individuals dba CHINA DRAGON
   RESTAURANT,
18
                Defendants.
19 _____/

20      Defendants YAO GUANG ZHANG, individually dba CHINA DRAGON

21 RESTAURANT ("Defendant"), answer the Complaint of Plaintiffs CRAIG YATES, an

22 individual; and DISABILITY RIGHTS, ENFORCEMENT EDUCATION, SERVICES:

23 HELPING YOU HELP OTHERS, a California public benefit corporation ("Plaintiffs") as

24 follows:

25                              **INTRODUCTION**

26      1.   Responding to the allegations in Paragraphs 1 and 2 of the Complaint,

27 Defendant deny, generally and specifically, each and every allegation contained in said

28 paragraphs.

                                    1

1

## JURISDICTION AND VENUE

2      2.    Responding to the allegations in Paragraph 5 of the Complaint, Defendant
3    admit that the Court has jurisdiction over Plaintiffs' Complaint. Defendant deny that the
4    Court has or should exercise jurisdiction over pendant state law claims under California
5    Civil Code §§ 51 and 54 and California Health and Safety Code §19955, et seq.

6      3.    Responding to the allegations in Paragraph 4 of the Complaint, Defendant
7    admit that venue is proper in this District under 28 U.S.C. section 1391 because
8    Defendant's principal place of business is in the City of Petaluma.

9

## PARTIES

10      4.    Responding to the allegations in Paragraphs 5, 6, and 7 of the Complaint,
11    Defendant lack sufficient information and/or belief concerning the allegations contained
12    in such paragraphs, and on that basis, denies each and every allegation of these
13    paragraphs of the Complaint.

14      5.    Responding to the allegations in Paragraphs 8 and 9, Defendant admit the
15    allegations contained in such paragraphs of the Complaint.

16      6.    Responding to the allegations in Paragraph 10 of the Complaint, Defendant
17    deny, generally and specifically, each and every allegation contained in said paragraph.

18

## PRELIMINARY FACTUAL ALLEGATIONS

19      7.    Responding to the allegations in Paragraphs 12, 14, 15, 16, 17, 18, 19, 20, 21,
20    22, 23, 24, 25, 26, 27 and 30 of the Complaint, Defendant lack sufficient information
21    and/or belief concerning the allegations contained in such paragraphs, and on that basis,
22    denies each and every allegation of these paragraphs of the Complaint.

23      8.    Responding to the allegations in Paragraphs 11, 13, 28, 29, 31, 32, 33, 34, 35,
24    36, 37, 39, 40, 41, 42, 43, 44 and 45 of the Complaint, Defendant deny, generally and
25    specifically, each and every allegation contained in said paragraphs.

26
**FIRST CLAIM FOR RELIEF**
**(Denial of Access by a Public Accommodations in Violation**
27    **of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)**

28      9.    Responding to the allegations in Paragraph 46 of the Complaint, Defendant

2

1  incorporate by reference each of its responses to paragraphs 1 through 45 of the
2  Complaint as though fully set forth herein.

3      10.  Responding to the allegations in Paragraphs 47, 48, 49 and 50 of the
4  Complaint, Defendant admit that such paragraphs generally state some of the purposes
5  and the requirements of 42 U.S.C. §12101 et. seq., but is an incomplete and out of context
6  recital of certain passages and definitions, and on that basis denies such allegations.

7      11.  Responding to the allegations in Paragraph 51 of the Complaint, Defendant
8  deny generally and specifically, that "The acts and omissions of Defendants set forth
9  herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and
10  regulations promulgated thereunder, 28 CFR Part 36 et seq. and Cal. Civil Code §§51,
11  52(a) and 54.3."

12     12.  Responding to the allegations in Paragraphs 52, 53, 54, 55, 56 and 57 of the
13  Complaint, Defendant denies, generally and specifically, each and every allegation in
14  such paragraphs of the Complaint.

15
16

## SECOND CLAIM FOR RELIEF
### (Denial of Full and Equal Access in Violation of
### California Civil Code §§54, 54.1 and 54.3)

17     13.  Responding to the allegations of Paragraph 58 Defendant incorporate by
18  reference each of her responses to Paragraphs 1 through 57 of the Complaint as though
19  fully set fort herein.

20     14.  Responding to the allegations of Paragraphs 59, 60 and 61 Defendant admits
21  that such paragraphs generally state some of the purposes and requirements of Cal. Civ.
22  Code §§ 54, 54.1 and 54.3 et seq., but such recitals are incomplete and out of context and
23  on that basis denies each and every such allegations.

24     15.  Responding to the allegations in Paragraphs 62, 65, 66 and 67 of the
25  Complaint, Defendant deny, generally and specifically, each and every allegation in this
26  paragraph of the Complaint.

27     16.  Responding to the allegations in Paragraphs 63 and 64 of the Complaint,
28  Defendant deny, generally and specifically, each and every allegation in this paragraph of

3

1 | the Complaint

2 |
3 |

**THIRD CLAIM FOR RELIEF**
**(Denial of Accessible Sanitary Facilities in Violation of**
**California Health & Safety Code §19955, *et seq.*)**

4 | 17. Responding to the allegations in Paragraph 68 of the Complaint, Defendant

5 | incorporate by reference each of its responses to paragraphs 1 through 67 of the

6 | Complaint as though fully set forth herein.

7 | 18. Responding to the allegations of Paragraphs 69, 70 and 71, Defendant admits

8 | such paragraphs generally set forth certain provisions of the California Health and Safety

9 | Code and Title 24 of the California Building Standards Code, but such are a incomplete

10 | statement of the law are taken out of context and do not set forth appropriate, exclusions,

11 | exemptions and defenses and on that basis, this answering Defendant denies each and

12 | every allegations thereof.

13 | 19. Responding to the allegations in Paragraphs 72, 73, 74 and 75 of the

14 | Complaint, Defendant denies, generally and specifically, each and every allegation in

15 | such paragraphs of the Complaint.

16 |

17 |
18 |

**FOURTH CLAIM FOR RELIEF**
**(Denial of Access of Full and Equal Accommodations, Advantages,**
**Facilities, Privileges and/or Services in Violation of**
**California Civil Code §51, *et seq.* (The Unruh Civil Rights Act))**

19 | 20. Responding to the allegations in Paragraph 76 of the Complaint, Defendant

20 | incorporate by reference each of its responses to paragraphs 1 through 75 of the

21 | Complaint as though fully set forth herein.

22 | 21. Responding to the allegations in Paragraphs 77, 78, 79, 80 and 81 of the

23 | Complaint, Defendant denies, generally and specifically, each and every, all and singular,

24 | such allegations.

25 | **AFFIRMATIVE DEFENSES**

26 | 22. AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE

27 | DEFENSE to the Complaint and to each claim for relief therein, Defendant alleges that

28 | Plaintiffs has engaged in vexatious litigation practices and file over 100 almost identical

4

1 lawsuits as part of a scheme to intimidate and harass small businesses into quick cash
2 settlements and in doing so engaged in bad faith and illegal purposes for enforcing the
3 federal ADA and similar California Civil Code provisions.

4 23. AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE
5 DEFENSE to the Complaint and to each claim for relief therein, Defendant alleges that
6 the only remedies available to Plaintiffs under th federal ADA are injunctive relief and
7 attorney fees (if incurred).

8 24. AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE
9 DEFENSE to the Complaint and to each claim for relief therein, Defendant alleges that
10 the Court should dismiss the state law claims by refusing to exercise supplemental
11 jurisdiction over these claims under 28 U.S.C. § 1367 (c) (1) and (2).

12 25. AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE
13 DEFENSE to the Complaint and to each claim for relief therein, Defendant alleges that
14 any architectural barrier, as alleged, is de minimis and not subject to ADA violations and
15 caused by Plaintiffs' own conduct.

16 26. AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE
17 DEFENSE to the Complaint and to each claim for relief therein, Defendant alleges that
18 Plaintiffs lacks standing to seek injunctive relief under the ADA.

19 27. AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE
20 DEFENSE to the Complaint and to each claim for relief therein, Defendant alleges that
21 Plaintiffs is not a "person with a disability" under the ADA in the context and manner in
22 which Plaintiff engages in multiple lawsuits and claiming identical injuries many times
23 over.

24 28. AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE
25 DEFENSE to the Complaint and to each claim for relief therein, Defendant alleges that
26 Plaintiffs' federal claims should be dismissed for lack of jurisdiction as sham complaints,
27 brought as a pretext to gain access to federal courts where state law claims substantially
28 predominate over the federal claim.

5

1   29.  AS AND FOR A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE
2   DEFENSE to the Complaint and to each claim for relief therein, Defendant alleges that
3   the Complaint, and each claim for relief therein, fails to state facts sufficient to state a
4   claim for relief against the Defendant.

5   30.  AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE
6   DEFENSE to the Complaint and to each claim for relief therein, Defendant alleges that
7   the Complaint, and each claim for relief therein, is barred by the applicable statutes of
8   limitation.

9   31.  AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE
10  DEFENSE to the Complaint and to each claim for relief therein, Defendant alleges that
11  without conceding that any act of the Defendant caused damage to the Plaintiffs or any
12  other person in any respect, Defendant allege that this answering Defendant are entitled to
13  offset and recoup against any judgment that may be entered against it all obligations of
14  the Plaintiffs owing to the Defendant.  Offset and recoupment are appropriate by reason
15  of Plaintiffs' own actions.

16  32.  AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT
17  AFFIRMATIVE DEFENSE to the Complaint and to each claim for relief therein,
18  Defendant alleges that the claims for relief in the Complaint are barred by the equitable
19  principle of laches.

20  33.  AS AND FOR A TWELFTH, SEPARATE AND DISTINCT
21  AFFIRMATIVE DEFENSE to the Complaint and to each claim for relief therein,
22  Defendant alleges that Plaintiffs is barred from obtaining the relief requested in the
23  Complaint by the doctrine of unclean hands.

24  34.  AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT
25  AFFIRMATIVE DEFENSE to the Complaint and to each claim for relief therein,
26  Defendant alleges that the injury or damage suffered by Plaintiffs, if an there be, would
27  be adequately compensated in an action at law for damages.  Accordingly, Plaintiffs has a
28  complete and adequate remedy at law and is not entitle to seek equitable relief.

6

1    35.  AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT

2 AFFIRMATIVE DEFENSE to the Complaint and to each claim for relief therein,

3 Defendant alleges that by conduct, representations and omissions, Plaintiffs has waived,

4 relinquished and/or abandoned any claim for relief against the Defendant respecting the

5 matters which are the subject of the complaint.

6    36.  AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT

7 AFFIRMATIVE DEFENSE to the Complaint and to each claim for relief therein,

8 Defendant alleges that by conduct representations and omissions of Plaintiffs, Plaintiffs is

9 equitably estopped to assert any claim for relief against the Defendant respecting the

10 matters which are the subject of this Complaint.

11    37.  AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT

12 AFFIRMATIVE DEFENSE to the Complaint and to each claim for relief therein,

13 Defendant alleges that Plaintiffs has failed to mitigate or attempt to mitigate damages if

14 an fact any damages have been or will be sustained, and any recovery by Plaintiffs must

15 be diminished or barred by reason thereof.

16    38.  AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT

17 AFFIRMATIVE DEFENSE to the Complaint and to each claim for relief therein,

18 Defendant alleges that both by statute and by common law, Defendant were privileged

19 and justified in acting as Defendants did.

20                                        **PRAYER**

21    **WHEREFORE**, Defendant YAO GUANG ZHANG, individually dba CHINA

22 DRAGON RESTAURANT, prays for judgment as follows:

23    AS TO ALL CAUSES OF ACTION:

24    A.  That Plaintiffs be denied relief on each of the claims for relief in their

25        Complaint;

26    B.  That Plaintiffs take nothing by way of their Complaint;

27    C.  That the Court refuse to exercise supplemental jurisdiction over state law

28        claims;

7

1    D. That Plaintiffs be declared to be vexations litigants as determined in the

2        factually similar case of <u>Molsni v. Mandarin Touch Restaurant</u>, 347 F. Supp.

3        2d 860 (District Court, C.D. California 2004)

4    D. For all costs of this suit and action incurred herein by Defendants; and

5    E. For such other relief as the Court deems just and proper.

Dated: July 1, 2008       By:    _Yao Guang Mang_
                                           YAO GUANG ZHANG
                                           In Propria Persona